UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

       v.

SID EDWARD WILLIS, JR.,

        Defendant.

CR 02-120-RE

OPINION AND ORDER

REDDEN, Judge:

    Before the court is defendant Sid Edward Willis' motion (doc. 130) pursuant to 18 U.S.C. § 3582(c) for an order reducing his sentence from a term of imprisonment of 135 months to a term of imprisonment of 120 months. For the reasons set forth below, the motion is GRANTED.

Background

    On March 27, 2002, Willis was indicted for possession with intent to distribute five grams or more of cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 841(a) &

PAGE 1 - OPINION AND ORDER

(b)(1)(B). Prior to trial, the government filed an information seeking enhanced penalties under 21 U.S.C. § 851 based on prior drug offenses, increasing the mandatory minimum term of imprisonment from five to ten years. On October 23, 2003, a jury convicted Willis of a single count of possession with intent to distribute 11.7 grams of crack cocaine.

Prior to sentencing, the U.S. Probation Office prepared a presentence report ("PSR"). Pursuant to U.S. Sentencing Guideline ("U.S.S.G.") § 2D1.1(7), the Probation Office calculated Willis' base offense level as 26, which was based on his accountability for at least 5 grams but less than 20 grams of crack cocaine. PRS, ¶ 14. The Probation Office also recommended that Willis be designated a "career offender," which increased his base offense level to 37 and put him at a Criminal History Category of VI.[1] Based on those findings, the Probation Office recommended a sentencing guideline range of 360 months to life. Absent the "career offender" enhancement, the sentencing range was 120 to 150 months imprisonment.

On November 29, 2004, this court held a sentencing hearing. Relying United States v. Reyes, 8 F.3d 1379 (9th Cir. 1993), and United States v. Sanchez-Rodriguez, 161 F.3d 556 (9th Cir. 1998), I "depart[ed] downward from a career offender enhancement based on the relatively benign nature of defendant's 'counted' prior offenses, because the effect of those prior offenses over-represents the seriousness of defendant's criminal history." Fact-Finding Order, at 5. In addition, I noted the minimal amount of drugs involved in each of Willis' offenses, his youth at the time of the prior convictions, and his "significantly reduced mental capacity which affected the commissions of the crimes." Id. I found that those factors inhibited Willis' ability to learn

---

[1] The Probation Office's "career offender" enhancement was based on two prior felony convictions in Multnomah County Circuit Court for delivery and possession of a controlled substance. PSR, ¶ 22.

PAGE 2 - OPINION AND ORDER

from his mistakes, as well as his ability "to act upon earlier offers in the state court for a substantially lesser sentence." Id.  Thus, I departed downward to a Total Offense Level of 26, which was Willis' offense level without the career offender enhancement.  Based on his Criminal History Category of VI, I concluded that the "appropriate guideline range" was 120 to 150 months.  Id. at 6.  I then sentenced Willis to a 135 month term of imprisonment.

On November 1, 2007, the Sentencing Commission adopted Amendment 706 to the Drug Quantity Table, which modified the guideline ranges applicable to crack cocaine offenses.  See Guidelines Manual, Supp. to App'x C, Amend. 706 (Nov. 1, 2007).  "The amendment adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in § 2D1.1 . . . ." United States v. Ross, 511 F.3d 1233, 1237 n.2 (9th Cir. 2008); Guidelines Manual, Supp. to App'x C, Amend. 706.  The Sentencing Commission gave Amendment 706 retroactive effect, beginning March 3, 2008.  See U.S.S.G. § 1B1.10(c).  As such, "time reductions for crack cocaine offenders sentenced prior to November 1, 2007, [are now] authorized pursuant to 18 U.S.C. § 3582(c)(2). Ross, 511 F.3d at 1237 n.2.  Amendment 706 does not, however, alter any sentence imposed on a defendant who was sentenced as a "career offender" under U.S.S.G. § 4B1.1.  See e.g., United States v. McDougherty, 2008 WL 752597, at *4-5 (C.D. Cal. Mar. 18, 2008) ("Amendment 706 does not assist defendants deemed 'career offenders' under the Sentencing Guidelines."); see also Sentencing Guidelines § 1B1.10(a)(2)(B) (A reduction of a defendant's term of imprisonment is "not authorized . . . if an amendment . . . does not have the effect of lowering the defendant's applicable guideline range.").

Willis now moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c).  He

PAGE 3 - OPINION AND ORDER

argues that this court has discretion to reduce his term of imprisonment to the ten-year mandatory minimum because his sentence was "based on" a sentencing range that was lowered by the retroactive amendment of the crack cocaine guidelines. I agree.

### Legal Standards

Section 3582(c)(2) of Title 18 provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added). "[T]he decision whether to reduce a sentence under § 3582 is within the discretion of the district court judge." United States v. Townsend, 98 F.3d 510, 512 (9th Cir. 1996). In determining whether, and to what extent, a reduction in the term of imprisonment is warranted . . . under 18 U.S.C. § 3582(c)(2), the court should consider the term of imprisonment that it would have imposed had the amendment(s) . . . been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1); see also United States v. Hicks, 472 F.3d 1167, 1170 (9th Cir. 2007) (Section 3582(c) "allows the district court to re-calculate the defendant's sentencing range using the newly reduced Guideline, and then determine an appropriate sentence in accordance with § 3553(a) factors.").

### Discussion

The government argues that Willis' motion must be denied because Amendment 706 does not effect his initial sentencing guideline range as a "career offender." But, I did not sentence Willis under the career offender guideline. Instead, I determined that the "effect of [Willis'] prior

PAGE 4 - OPINION AND ORDER

convictions over-represent[ed] the seriousness of [his] criminal history." Based on the "relatively benign nature" of those offenses, I specifically departed downward from the career offender guideline range to a the "appropriate guideline range of 120 to 150 months." As such, I reduced Willis' offense level to that which he would have faced absent the career offender enhancement. Unlike the cases cited by the government, I did <u>not</u> sentence Willis under the career offender guideline. Because Willis' initial sentence was "based on" a sentencing range that was subsequently lowered by Amendment 706, this court has the discretion to reduce his sentence pursuant to 18 U.S.C. § 3582. <u>See</u> <u>United States v. Poindexter</u>, 550 F. Supp. 2d 578, 580-81 (E.D. Pa. 2008) (Court had jurisdiction to reduce sentence because the sentencing court "determined that the career offender designation 'overrepresents the total offense level in this case'" and the non-career offender guidelines "play[ed] a role" in the ultimate sentence.) (citation omitted); <u>accord</u> <u>United States v. Nigatu</u>, 2008 WL 926561, at *1 (D. Minn. Apr. 7, 2008).

I will exercise my discretion and modify Willis' sentencing range based on the amended Drug Quantity Table in the Sentencing Guidelines. Based on the drug quantity in this case, Willis' Total Offense Level is now 24, with a Criminal History Category of VI, which provides a guideline range of 100 to 125 months. <u>See</u> Guidelines Manual § 2D1.1(8). However, Willis is subject to a 120-month mandatory minimum.

Pursuant to 18 U.S.C. § 3553(a), I have reviewed the nature and circumstances of the offense and the history and characteristics of the defendant. I have considered the need for a sentence that reflects the seriousness of the offense, affords adequate deterrence to criminal conduct, protects the public from further crimes of the defendant, and provides defendant with needed educational training and correctional treatment. In light of the Sentencing Commission's

findings that the 100 to 1 drug quantity ratio for crack and powdered cocaine was unfair, and that the Base Offense Levels for crimes involving crack cocaine should be reduced by two levels, I conclude that Willis' 135-month sentence was greater than necessary to accomplish the above-stated sentencing goals. The Sentencing Commission's reduction in Base Offense Levels for crack cocaine applies to this case. Willis' requested two-level reduction is both statutorily authorized and fair. If Amendment 706 had been in effect when Willis was sentenced, he would have received a lesser sentence. Accordingly, I find that the mandatory minimum 120-month sentence is both consistent with the Sentencing Guidelines as amended by Amendment 706, and sufficient to accomplish the goals of sentencing.

## Conclusion

For the reasons set forth above, Willis' motion (doc. 130) pursuant to 18 U.S.C. § 3582(c) for an order reducing his sentence from a term of imprisonment of 135 months to a term of imprisonment of 120 months is GRANTED. I hereby reduce Willis' sentence to the mandatory minimum 120-month term of imprisonment.

IT IS SO ORDERED.

DATED this 30th day of October, 2008.

/s/ James A. Redden  
James A. Redden  
United States District Judge